## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No.: 3:23-cv-00054

| | | |
|---|---|---|
| **MATTHEW TCHIRKOW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT and** |
| **v.** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **ATLANTIC MEDICAL SOLUTIONS,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Plaintiff, Matthew Tchirkow ("Tchirkow" or "Plaintiff"), by and through counsel, brings this action for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, against Atlantic Medical Solutions, LLC ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1.    Defendant unlawfully discriminated against Plaintiff in violation of the ADA by terminating his employment because of his mental health disabilities.

## THE PARTIES

2.    Plaintiff is an adult individual who is a resident of Hendersonville, North Carolina.

3.    Defendant is a domestic limited liability company formed under the laws of North Carolina with its principal place of business located at 4610 Entrance Dr., Suite M, Charlotte, North Carolina 28273.

## JURISDICTION AND VENUE

4.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the ADA for unlawful discrimination and retaliation.

5.      This Court has personal jurisdiction because Defendant conducts substantial business in Mecklenburg County, North Carolina, which is located within this judicial district.

6.      Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina, which is located within this judicial district.

## COVERAGE ALLEGATIONS

7.      At all times relevant to this action, Plaintiff was a "qualified individual" covered by the protections of ADA, as amended, within the meaning of 42 U.S.C. § 12111(8).

8.      At all relevant times, Defendant, was a "covered entity" engages in an industry affecting commerce and had at least fifteen (15) or more employees each working day.

9.      At all relevant times, Plaintiff was an "employee" within the meaning of 42 U.S.C. §12111(4).

10.     Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5).

11.     Defendant employed at least fifteen (15) employees at all relevant times.

12.     Plaintiff satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 430-2022-00154) alleging discrimination based on disabilities and retaliation on or about October 20, 2021.  The EEOC issued a Notice of Suit Rights on November 16, 2022, and Plaintiff timely brings this action within ninety (90) days of his receipt thereof.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13.     Defendant operates in the medical device market and distributes instrumentation, equipment, and supplies for medical practices including clinics, laboratories, surgery centers, general practice, and specialties.

14.     Tchirkow began his employment with Defendant on or about July 6, 2020 and held the Account Manager role.

15.     At all relevant times, Tchirkow met or exceeded Defendant's legitimate employment expectations.   Tchirkow received positive performance evaluations and no disciplinary actions until he utilized protected leave due to his mental health disability.

16.     In or about late March 2021, Tchirkow began experiencing depression, angry outbursts, frustration, anxiety, and suicidal ideations.  Tchirkow scheduled an appointment with his therapist for March 22, 2021.  However, upon arriving, Tchirkow learned his therapist was out of his insurance network and he could not afford the out-of-pocket cost of the appointment. Tchirkow canceled his appointment and had to look for another therapist.

17.     On March 23, 2021, Tchirkow scheduled an appointment with one of Defendant's clients in Asheville, NC—Dr. Leslie Koretz ("Dr. Koretz") of Twardon Family Medicine. However, the same day, Tchirkow experienced a severe, debilitating flare-up of his mental health disability and missed his appointment.  Dr. Koretz's secretary notified Defendant that Tchirkow missed the appointment.

18.     On or about March 23, 2021, either Jim Macholz ("Macholz"), Defendant's President and CEO, Joey Jackson, Tchirkow's direct manager, or Richard Bingham, Defendant's VP of Operations, telephoned Tchirkow.  Due to experiencing a severe, debilitating flare-up of his mental health disability, Tchirkow does not remember who he spoke with during the telephone

call.  However, Tchirkow informed the caller that  he has depression, bipolar disorder, and was experiencing "an exacerbation" of his symptoms, which is why he missed the appointment. Tchirkow gave his telephone to his girlfriend—who concluded the phone call with Defendant's representative.

19.     On or about March 23, 2021, Greenville Police admitted Tchirkow to Prisma Health's psychiatric wing because he expressed suicidal ideations.  Tchirkow provided notice of his admission to the psychiatric hospital to Defendant via telephone and email.

20.     Tchirkow was released from Prisma Health on or about March 24, 2021.

21.     On or about March 25, 2021, Tchirkow received an email from Macholz.  The email states, "I hope you are on your way to recovering and please see the attached letter."  The attached letter outlined the steps Tchirkow needed to complete before being allowed back to work, which included receiving medical clearance to return to work.

22.     Tchirkow remained out of work due to his mental health disability until about April 19, 2021.  During his absence, Tchirkow provided Defendant with notice about completing the required steps to return to work, including receiving medical clearance to return to work.

23.     On or about April 19, 2021, Dr. Tanya Chin, Tchirkow's primary care provider, cleared Tchirkow to return to work.  Upon returning to work, Macholz and Betsey Macholz, Defendant's Human Resources Director, presented Tchirkow with another back-to-work plan because Tchirkow "was not meeting his sales numbers."  Tchirkow requested to see his sales numbers from when he started working for Defendant.  Macholz refused to provide Tchirkow with his sales numbers.

24.     On or about April 22, 2021, Macholz emailed Tchirkow regarding the back-to-work plan.  Macholtz's emailed stated:

Matt,

These are our expectations and the plan was created based on your excessive absences and not being on sales plan in 2021. We need to (sic) you sign and date the back-to-work plan for us to move forward.

AMS is a small company with limited employees and sales force, performance and attendance are paramount. If those cannot be obtained we have to move on.

Please let me know what your decision is by Friday April 23, 2021.

Best Regards,

Jim Macholz

25.     Tchirkow's only absences were related to the time he was admitted to the psychiatric hospital and due to Macholz's requirement that Tchirkow receive medical clearance to return to work. Defendant knew or should have known Tchirkow's absences were due to his medical disabilities.

26.     On or about April 23, 2021, Tchirkow signed the PIP.

27.     On or about April 30, 2021, Macholz terminated Tchirkow's employment via email. Macholz's email stated the reason for termination was "excessive absences and performance."

28.     Defendant's stated reason for terminating Tchirkow's employment is pretext for disability discrimination in violation of the ADA.

29.     Defendant's failure was willful.

## PLAINTIFF'S FIRST CAUSE OF ACTION
### (Violations of ADA – Discrimination)

30.     Plaintiffs incorporates by reference Paragraphs 1 through 29 of his Complaint.

31.     Defendant regularly employed more than fifteen employees at all relevant times.

5

32.     Plaintiff was disabled in that he had mental impairments that substantially limited one or more major life activities, including but not limited to caring for himself, eating, sleeping, concentrating, thinking, and communicating.

33.     Defendant otherwise perceived Plaintiff as disabled at the time of his termination and in the time leading up to his termination.

34.     At all times relevant, Plaintiff was able to perform the essential functions of his job with or without accommodations.

35.     Defendant discriminated against Plaintiff by terminating Plaintiff's employment because of Plaintiff's disability.

36.     As an actual, proximate, and foreseeable result of Defendant's actions, Plaintiff suffered lost back and front pay, benefits associated with his employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a)      An Order pursuant to the ADA that the Defendant pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

b)      An Order pursuant to the ADA ordering Defendant to pay compensatory damages;

c)      An Order pursuant to the ADA ordering Defendant to pay punitive damages;

d)      An Order awarding the costs of this action;

e)      An Order awarding reasonable attorneys' fees;

f)      A Declaration and finding by the Court that Defendant willfully violated provisions of the ADA for the unlawful discrimination;

g)      An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h)      An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEAMAND

Plaintiff demands a trial by jury for all issues of fact.

This 31st day of January, 2023.

Respectfully submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
Ethan L. Slabosky, NCSB #59555
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone:    (704) 612-0038
Facsimile:    (704) 612-0038
Email: phil@gibbonslg.com
      corey@gibbonslg.com
      ethan@gibbonslg.com

*Attorneys for Plaintiff*