UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00054-RJC-SCR

| | |
|---|---|
| MATTHEW TCHIRKOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ATLANTIC MEDICAL SOLUTIONS, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Amended Complaint" (Doc. No. 11) filed June 2, 2023, and Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. No. 13) filed June 30, 2023, as well as the parties' briefs concerning the Motion to Amend. (Doc. No. 14-16).[1]

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within 21 days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[1] Plaintiff's only response to the Motion to Dismiss is his Motion for Leave to Amend.

"A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rts. Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir.2006)).

The First Amended Complaint (Doc. No. 8) states a single claim for violation of the Americans with Disabilities Act (ADA) for discriminatory termination based upon Plaintiff's mental health disabilities. Id. at 1.

Defendant's Motion to Dismiss argues that Plaintiff "failed to adequately allege that he was meeting [Defendant's] reasonable expectations, that the circumstances give rise to an inference of unlawful discrimination, or that there was a reasonable accommodation that [Defendant] refused to provide." (Doc. No. 11 at 1). These arguments were not raised in Defendant's first "Motion to Dismiss" (Doc. No. 4 and 4-1).[2]

Plaintiff seeks leave to amend to "allege additional facts relating to the termination of his employment." (Doc. No. 13 at 2). Among other things, Plaintiff seeks to add factual support that at the time of his termination, he was meeting Defendant's reasonable expectations. (Doc. No. 16 at 4). In other words, the proposed amendment directly relates to the earlier filed action. Leave to amend here is appropriate because it is so closely tied to the underlying action, and the Court finds it would not cause undue delay to the current proceeding. See Fed. R. Civ. P. 15(a)(2).

For those reasons as well as the other reasons stated in Plaintiff's briefs, his "Motion for Leave to File Second Amended Complaint" (Doc. No. 13) is granted.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Hall v. Int'l Union, United

---

[2] Defendant's initial Rule 12(b)(6) Motion to Dismiss sought only to dismiss a claim for "failure to accommodate" under the ADA. (Doc. No. 4 and 4-1.)

Auto., Aerospace & Agric. Implement Workers of Am., No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); Young v. City of Mount Ranier, 238 F.3d 567, 572-73 (4th Cir. 2001).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's "Motion for Leave to File Second Amended Complaint" (Doc. No. 13) is **GRANTED**. Plaintiff shall file his Second Amended Complaint within ten days of this Order.

2. Defendant's "Motion to Dismiss Amended Complaint" (Doc. No. 11) is administratively **DENIED** as moot without prejudice.

2. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: August 31, 2023

Susan C. Rodriguez
United States Magistrate Judge